# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5257 | **DATE** | 11/18/2003 |
| **CASE TITLE** | Robertson-Ceco Corp. vs. National Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner's petition for the confirmation of arbitration award and an award of post-judgment interest pursuant to 735 ILCS 5/2-1303 is granted. Respondent's motion to dismiss Count II is denied. Accordingly, judgment is entered in favor of petitioner and against respondent confirming the arbitration award of May 15, 2003 and imposing post-judgment interest at a rate of nine percent per annum until respondent makes full tender of the award and accrued interest of $335,608.08 as of 11/14/03. Status hearing set for 12/2/03 at 9:30a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERTSON-CECO CORPORATION, )
)
Petitioner, )
)
v. ) No. 03 C 5257
)
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, )
PENNSYLVANIA, )
)
Respondent. )

**DOCKETED**
**NOV 1 9 2003**

## MEMORANDUM OPINION AND ORDER

Petitioner Robertson-Ceco Corporation ("Robertson-Ceco") seeks confirmation of an arbitration award entered in its favor and award of post-judgment interest pursuant to 735 ILCS 5/2-1303 (Count I). Respondent National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") moves to vacate or modify the award and to deny post-judgment interest. Robertson-Ceco also moves for attorney's fees, pursuant to 215 ILCS 5/155(1), for vexatious and unreasonable conduct on the part of National Union (Count II). National Union moves to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6). I confirm the award of May 15, 2003 and grant Robertson-Ceco's motion for post-judgment interest. National Union's motion to dismiss Count II is denied.

Robertson-Ceco is a Delaware corporation with its primary place of business in Chicago, Illinois. National Union is an insurer incorporated in Pennsylvania, with its principal place of business in New York. In December 1999, the majority shareholder

of Robertson-Ceco, The Heico Companies, LLC ("Heico"), made a tender offer of $10 per share for all outstanding shares. Heico at the time controlled approximately 70 percent of Robertson-Ceco's shares. Three shareholder lawsuits were filed alleging $10 per share was an inadequate price. After negotiations between Robertson-Ceco, Heico, and the plaintiff-shareholders, Heico raised its tender offer to $11.50 per share. In June 2000, Heico purchased the outstanding shares at that price, using funds loaned to it from Robertson-Ceco. The agreement between the parties was memorialized in a October 2000 Settlement Agreement.

In May 2001, Robertson-Ceco submitted a claim pursuant to its Directors, Officers and Corporate Liability insurance policy issued by National Union. The claim was for $4,198,532.25, or the difference between the price paid per share ($11.50) and the price Robertson-Ceco felt the shareholders would have accepted without the settlement proceedings ($10.75). National Union refused to pay the claim, stating that it was outside the scope of the policy.

As the insurance policy required arbitration of any disputes, Robertson-Ceco submitted its claim to arbitration on June 11, 2002. Robertson-Ceco initially claimed approximately $4.2 million (the amount it estimated it had paid to obtain the releases of the plaintiff-shareholders), but noted that the actual releases could have cost as much as $6.75 million (the difference between the initial tender offer and the amount actually paid per share).

After full arbitration proceedings, including discovery, briefing and both preliminary and merits hearings, the arbitration panel made an award in Robertson-Ceco's favor in the amount of $7,446,103. The panel also ordered National Union to pay Robertson-Ceco an additional $11,853.75, which represented National Union's share of the arbitration costs which had been advanced by Robertson-Ceco. No payment has yet been made on this award.

I.

The FAA "establishes 'a federal policy favoring arbitration'." *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 267 (7th Cir. 1988) (citing *Shearson/American Express, Inc. v. McMahon*, 483 U.S. 1056 (1987)). Review of arbitration awards is extremely narrow to "prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative." *Id.* Section 10 of the FAA provides the limited grounds for review of an arbitration award, stating that an award may be vacated:

> (a) Where the award was procured by corruption, fraud, or undue means. (b) Where there was evident partiality or corruption in the arbitrators, or either of them. (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10. National Union challenges the award on the fourth ground, stating that the arbitrators exceeded their authority.

National Union claims that the arbitration panel exceeded its authority when it awarded Robertson-Ceco relief in an amount greater than requested in Robertson-Ceco's Statement of Claim. Arbitrators are free to fashion any award that is just, equitable, and within the scope of the agreement of the parties. *See* Commercial Arbitration Rules of the American Arbitration Association § R-45. Here, the only agreement is the policy issued by National Union, mandating arbitration. National Union argues that Robertson-Ceco's Statement of Claim places a cap on the amount the arbitration panel can award, but points to no authority supporting that argument. Imposing a cap on an arbitration award based on the initial pleadings runs counter to the rules establishing arbitrator discretion in fashioning a remedy. Such a cap is also counter to practice in the federal courts, where damages may exceed the amount in the initial pleading. *See, e.g., Stineman v. Fontbonne College*, 664 F.2d 1082, 1088 (8th Cir. 1981); *Bail v. Cunningham Bros., Inc.*, 452 F.2d 182, 188 (7th Cir. 1971) (stating that a party may be awarded damages in excess of those demanded in the initial pleading).

The arbitrators held that Robertson-Ceco's claim was within the scope of the policy, but measured the appropriate amount of the claim using the difference between the original tender offer and

4

the actual price paid, rather than using Robertson-Ceco's initial estimate. As no transcript of the arbitration proceedings exists, this court will assume that the award is supported by evidence presented in the hearings. *See, e.g., Klatz v. Western States Insur. Co.*, 701 N.E. 2d 1135, 1138 (Ill. App. 1998).

National Union also argues that it was deprived of due process by the panel's re-computation of the amount claimed. National Union claims that it had no opportunity to defend against an award of the magnitude given by the panel. However, beginning with the Statement of Claim, Robertson-Ceco explained the potential size of the award, based on the difference between the original tender offer and the actual price paid per share. As that measure had been put forth as a possibility from the beginning of the arbitration, National Union was not prejudiced by the arbitrators' final award.

National Union's reliance on *Totem Marine Tug & Barge, Inc. v. North Am. Towing, Inc.*, 607 F.2d 649 (5th Cir. 1979) is misplaced. In *Totem*, the arbitrators went outside the arbitration agreement to add new categories of damages to the final award. *Id.* at 651. In contrast, the arbitrators in this case simply recalculated the amount for the same claim of damages: coverage of the defense and settlement of shareholder claims by Robertson-Ceco. National Union was not unfairly prejudiced by the final award, nor did the arbitrators exceed their authority in granting it. I confirm the

award of May 15, 2003, awarding Robertson-Ceco $7,457,956.75 (the principal award, plus the arbitration costs National Union has been ordered to pay).

II.

Robertson-Ceco moves for post-judgment interest upon confirmation of this award. Illinois law provides "[w]hen judgment is entered upon any award ... interest shall be computed ... from the time when made or rendered to the time of entering judgment on the same, and included in the judgment." 735 ILCS 5/2-1303 (2003). This statutory imposition of interest applies to arbitration awards. *Bargenquast v. Nakano Foods, Inc.*, 243 F. Supp. 2d 772, 777 (N.D. Ill. 2002). As I have confirmed the arbitration award and enter a judgment in favor of Robertson-Ceco, I must impose post-judgment interest as well. *See, e.g., Contract Dev. Corp. v. Beck*, 627 N.E. 2d 760, 768 (Ill. App. Ct. 1994) (trial court had no discretion in imposing post-judgment interest when confirming arbitration award); *Cerajewski v. Kunkle*, 674 N.E.2d 57, 61 (Ill. App. Ct. 1996) (collecting cases). National Union argues that the arbitrators denied post-judgment interest to Robertson-Ceco. However, that ruling was made before the parties chose to bring the award before this court for confirmation or vacation. Now that I have entered a judgment confirming the award, the mandatory nature of Illinois law applies.

Illinois law provides for post-judgment interest at a rate of nine percent per annum. 735 ILCS 5/2-1303. Interest began accruing on May 15, 2003, when the award was entered. Interest does not stop accruing until full, formal tender has been made. *Halloran v. Dickerson*, 679 N.E.2d 774, 778 (Ill. App. Ct. 1997). Under this statute, interest is calculated per year, then per calendar month, then per day. *Id.* at 783. Daily interest is only calculated for periods less than a full month. Thus, as of November 14, $335,608.08 has accrued. Interest will continue to accrue until National Union makes full tender of the award and accrued interest.

### III.

In Count II, Robertson-Ceco alleges vexatious and unreasonable conduct on the part of National Union, entitling Robertson-Ceco to attorney's fees and other costs pursuant to 215 ILCS 5/155(1). National Union moves to dismiss Count II. On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiff. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

Robertson-Ceco alleges that National Union's refusal to pay the arbitration award constitutes vexatious and unreasonable conduct, justifying an award of attorney's fees. Robertson-Ceco has also alleged that National Union has a duty to promptly pay its

7

insured for covered losses; that National Union's refusal to pay has caused and is causing damage to Robertson-Ceco; and that National Union has no legitimate basis for its refusal to pay. Robertson-Ceco further alleges that National Union seeks to delay any eventual payment for as long as possible. Taken together, these allegations could constitute vexatious and unreasonable conduct. *See, e.g., In re Price*, 750 N.E.2d 739, 742-43 (Ill. App. Ct. 2001) (stating insurer had acted vexatiously and unreasonably when it moved to stay arbitration, refused to pay the award, forced the plaintiff to file suit to enforce the award and, eventually, initiate collection proceedings). Robertson-Ceco has stated a claim under 215 ILCS 5/155(1), and I deny the motion to dismiss.[1]

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: November 18, 2003

---

[1] National Union argues that Robertson-Ceco is precluded from alleging vexatious and unreasonable conduct on the part of National Union, because the arbitration panel found that National Union had not acted in bad faith. However, the panel was ruling on National Union's pre-arbitration award behavior; Robertson-Ceco's allegations in Count II concern National Union's post-award conduct. *Res judicata* does not apply.

8